UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M. GARCIA,<br><br>                Plaintiff,<br><br>v.<br><br>WILLIAM NUNN, ALACO SERVICES, LLC, LRD CLEANING SERVICES, LLC, and WEIS MARKETS, INC.,<br><br>                Defendants. | Civ. A. No. _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Garcia, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff Garcia has brought this action seeking to recover unpaid overtime compensation from William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC, and Weis Markets, Inc., (collectively "Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and Pennsylvania's Minimum Wage Act ("PMWA"), 43 P.S. § 330.101, et. seq. This case seeks to compel Defendants to pay Mr. Garcia and a class of similarly situated employees all of the unpaid wages they earned.

2.  Defendants hired Mr. Garcia and other similarly situated individuals to provide cleaning and janitorial services at various grocery stores in Pennsylvania and other states ("Cleaners").

3.  Plaintiff Garcia and other Cleaners were hired, supervised, scheduled, and paid by

Defendants to provide cleaning and janitorial services to grocery stores and regularly worked in excess of 40 hours in a week for which Defendants did not pay them overtime premium wages at the rate of time and one half.

4. By the conduct described in this Class Action Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA") and Pennsylvania's Minimum Wage Act ("PMWA"), 43 P.S. § 330.101, et. seq., by failing to pay their employees proper overtime compensation. These violations arose out of Defendants' company-wide policies, and pattern or practice of violating wage and hour laws with respect to Cleaners.

5. Plaintiff Garcia brings these claims as a collective action, on his own behalf and on behalf of other similarly situated employees, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision, 29 U.S.C. § 216(b).

6. Plaintiffs also bring individual claims under the PMWA, 43 P.S. § 330.101, and its implementing regulations, as a class action pursuant to Fed. R. Civ. P. 23.

7. Plaintiffs seek unpaid overtime premium pay, liquidated damages under Federal and state law, costs and attorneys' fees.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337. As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391, as

    (a) a substantial part of the events and omissions giving rise to these claims occurred in this District,

(b)     Plaintiff worked in this District, and

(c)     The corporate defendants reside in this District.

10.     This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## THE PARTIES

### A. *Plaintiffs*

11.     Named Plaintiff Garcia's written consent to be a party to this action is attached hereto.

12.     Plaintiff Garcia resides in Charlotte, North Carolina. At all times relevant to this action, Mr. Garcia was an individual residing in the Commonwealth of Pennsylvania and was employed by Defendants within the meaning of the PMWA and the FLSA.

13.     Plaintiff Garcia was engaged in interstate commerce or the production of goods for commerce as defined in 29 C.F.R. § 552.99 in that he was employed as a Cleaner to perform cleaning and janitorial services for Defendants.

14.     Plaintiff Garcia was employed by Defendants as a Cleaner in and around Lancaster, Pennsylvania from approximately June 2008 until approximately March 2013.

15.     Pursuant to Defendants' policy and pattern or practice, Mr. Garcia was scheduled to work 7 days a week from approximately 10 p.m. to 7 a.m. the following morning. As a result, he regularly worked more than 40 hours per week for Defendants' benefit without overtime compensation.

### B. *Represented Parties under the FLSA*

16.     As used herein, the term "Plaintiff" refers to Plaintiff Garcia, the term "Plaintiffs" as used in this Complaint refers to the Named Plaintiff and any additional FLSA collective action

members that join this action pursuant to the collective action provision of 29 U.S.C. § 216(b) and members of the Rule 23 class action class.

17.     Plaintiff Garcia brings the First Cause of Action as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of all current and former employees who have worked for any Defendant William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC, as Cleaners in the United States within the past three years of the filing of a consent to sue by such employee and the date of final judgment in this matter.

18.     Plaintiff Garcia brings the Second Cause of Action as a class action under Fed. R. Civ. P. Rule 23 on behalf of all current and former employees who have worked for any Defendant William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC, as Cleaners in the United States within the past three years of the filing of this complaint and continuing through until the date of judgment.

**C. *Defendants***

19.     Defendant William Nunn is an individual and an adult resident of Bear, Delaware. Mr. Nunn is the president and owner Alaco Services, LLC, and LRD Cleaning Services, LLC. He exercised control over the terms of Plaintiffs' employment, including their compensation, maintained Plaintiffs' employment records, and closely managed his companies' daily operations.

20.     Defendant Alaco Services, LLC, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania. Alaco Services is owned and operated by Defendant William Nunn, and employed Plaintiffs to provide cleaning and janitorial services to other companies, including Defendant Weis Markets, Inc.

21.     Defendant LRD Cleaning Services, LLC, is a corporation incorporated under the

laws of the Commonwealth of Pennsylvania. LRD Cleaning Services is owned and operated by Defendant William Nunn, and employed Plaintiffs to provide cleaning and janitorial services to other companies, including Defendant Weis Markets, Inc.

22. Defendant Weis Markets, Inc., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania. Weis Markets owns and operates a chain of grocery stores with locations in several states, including many stores in Pennsylvania. It employed Plaintiff Garcia to provide cleaning and janitorial services at several of its stores in and around Lancaster, Pennsylvania. It exercised control over the terms of Plaintiff's employment, including his work schedule and the manner in which he performed his work, and maintained records relating to Plaintiff's employment, and was thus an employer within the meaning of 29 U.S.C. § 203(d).

23. Defendant Weis Markets jointly employed Plaintiff Garcia and other Plaintiffs who performed work at Weis Markets.

## COLLECTIVE ACTION ALLEGATIONS

24. Mr. Garcia brings FLSA claims on behalf of himself and a putative FLSA Collective Action class of all similarly situated persons, defined as:

> All persons who were hired by Defendants William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC to provide cleaning and janitorial services at Weis Markets and/or other stores, who worked more than forty hours in a week, and were not paid overtime during a period of three years prior to the filing of this complaint and the date of final judgment in this matter.

25. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Mr. Garcia and the FLSA Collective Action class.

26. Upon information and belief, there are many similarly situated current and former Cleaners of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join

the present lawsuit. Those similarly situated Cleaners are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective Action class pursuant to 29 U.S.C. § 216(b). Because the FLSA statute of limitations runs on a weekly basis, notice should be sent as soon as possible.

27. Defendants required Mr. Garcia and Plaintiffs to work a schedule of more than 40 hours a week at specified Weis Markets and/or other stores. Plaintiff Garcia worked seven days a week from approximately 10 p.m. and until 7 a.m. the following morning. Plaintiff Garcia rarely had time to take breaks and would generally work straight through the night.

28. Defendants trained Mr. Garcia and Plaintiffs in how to perform their work.

29. Defendants closely monitored Mr. Garcia and Plaintiffs' work. Defendants required Mr. Garcia to sign in and out of every grocery store he cleaned each night. Weis Markets supervised, reviewed, and approved Mr. Garcia's cleaning work. Upon information and belief, these policies applied to Plaintiffs.

30. Defendants directed and supervised Mr. Garcia and other Plaintiffs. Defendants required Plaintiff Garcia to clean between two and four grocery stores per night. Each grocery store would take between 3 and 5 hours to clean. Periodically, Defendants would assign Plaintiff Garcia extra cleaning work at a particular store and would direct and instruct Mr. Garcia on which specific areas of the grocery store to clean.

31. Defendants provided Plaintiffs with the work space and work tools, including buffers, and other cleaning materials necessary to perform their work.

32. The work that Plaintiffs performed, cleaning and janitorial services, is an integral part of Defendants' business.

33. Defendants paid Plaintiffs the same sum every two weeks that they worked at

6

least their scheduled hours.

34. If Plaintiffs did not work their scheduled hours, Defendants reduced the sum paid. Defendants would dock Plaintiffs' pay if they did not work a certain night or cleaned less than the required number of stores.

35. Plaintiffs regularly worked more than 40 hours in a week. Mr. Garcia was scheduled to work 7 days a week from approximately 10:00 p.m. to 7:00 a.m. the next morning, and he often worked more. Plaintiffs worked on the same or similar schedule and were required to work more than 40 hours each week.

36. Defendants did not pay Plaintiffs an overtime premium for the hours they worked over 40 in a week.

37. Upon information and belief, it was Defendants' willful policy and pattern or practice not to pay its employees, including Mr. Garcia and Plaintiffs, an overtime premium for work that exceeded 40 hours in a week.

38. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Mr. Garcia and Plaintiffs.

39. Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiffs, an overtime premium of time and one half for all work-hours it suffered or permitted in excess of 40 per workweek. Upon information and belief, Defendants applied the same unlawful policies and practices to all Cleaners in Pennsylvania and surrounding States.

## CLASS ACTION ALLEGATIONS

40. Garcia brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of individuals:

who were hired by Defendants William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC to provide cleaning and janitorial services at Weis Markets and/or other stores, who worked more than forty hours in a week, and were not paid overtime during a period of three years prior to the filing of this complaint and the date of final judgment in this matter (the "Class").

41.     Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

42.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Garcia, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

43.     Upon information and belief, the size of the Class is at least 10 workers and likely more than forty workers.

44.     Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

45.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

> a. Whether Defendants knew or should have known that Garcia and the Class worked hours in excess of forty in a week;
>
> b. whether Defendants paid Garcia and the Class for all the hours they knew or

   should have known Plaintiffs worked;

  c. whether Defendants correctly recorded the hours Garcia and the Class worked;

  d. whether Defendants had a duty to pay Garcia and the Class overtime pay for hours worked in excess of 40 hours per workweek and/or 8 hours per day;

  e. whether Defendants failed and/or refused to pay Garcia and the Class overtime pay for hours worked in excess of 40 hours per workweek at the rate of time and one half;

  f. the nature and extent of Class-wide injury and the appropriate measure of damages for the Class;

  g. whether Defendants' failure to pay overtime was willfull or done with reckless disregard of the law;

  h. whether Defendants correctly calculated and compensated Garcia and the Class for hours worked in excess of 40 per workweek; and

  i. whether Defendants' policy and practice of failing to pay overtime premium pay to Garcia and the Class for the hours it knew or should have known they worked violates Pennsylvania law.

  46. Plaintiff Garcia's claims are typical of the claims of the Class he seeks to represent. Garcia and the Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week and failing to pay wages for all hours worked. Defendants acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

  47. Plaintiff Garcia will fairly and adequately represent and protect the interests of the

Class. Garcia understands that, as a class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. Garcia recognizes that as a class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests. He understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class. He recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Garcia understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. Garcia is aware of no claims or defenses applicable to him that are not applicable to the Class.

48.     Garcia has retained counsel competent and experienced in complex class action employment litigation.

49.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against individual and corporate defendants. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## CLASS-WIDE FACTUAL ALLEGATIONS

50. Defendants employed the Class members as Cleaners.

51. Defendants required the Class to work scheduled hours at a specified work site. During their period of employment, the Class members were required to work scheduled work days each week.

52. Garcia was scheduled to work 7 days a week, Monday through Sunday each week.

53. Defendants trained the Class in how to perform their work.

54. Defendants closely monitored the Class members' work.

55. Defendants directed the Class members' work.

56. Defendants supervised the Class members' work.

57. Defendants provided the Class members with the work space and work tools, including buffers and other cleaning materials necessary to perform their work.

58. The work that Class members performed, is an integral part of Defendants' business.

59. Defendants paid the Class members the same sum for each full day they worked at least their scheduled hours.

60. If Class members did not work their scheduled hours, Defendants reduced the sum paid for that pay period.

61. Defendants did not pay the Class additional pay when they worked beyond their scheduled hours.

62. Class members were paid their pay each pay period regardless of the quality of their work.

63. Upon information and belief, Class Members regularly worked more than 40 hours in a week.

64. Garcia was scheduled to work from 10:00 p.m. to 7:00 a.m. Monday through Sunday each week, and he often worked more.

65. Defendants did not pay Garcia or other Class members an overtime premium for the hours they worked over 40 in a week.

66. Upon information and belief, it was Defendants' willful policy and pattern or practice not to pay Class Members, an overtime premium for work that exceeded 40 hours in a week.

67. Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Garcia and the Class Members.

68. Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Garcia and the Class Members, an overtime premium of time and one half for all work-hours they suffered or permitted in excess of 40 per workweek. Upon information and belief, Defendants applied the same unlawful policies and practices to all Cleaners.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act: Unpaid Wages**
**On behalf of Plaintiff and the FLSA Collective**

69. Mr. Garcia re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

71. At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs.

73. Defendants were employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

74. At all times relevant, Plaintiffs were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

75. Defendants William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC jointly employed Plaintiffs as employers.

76. Defendant Weis Markets jointly employed Plaintiffs who worked cleaning Weis Markets' stores.

77. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

78. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

79. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80. As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### PMWA: Failure to Pay Overtime.
### On behalf of Plaintiff Garcia and the Class Members

81. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs.

82. Defendants have engaged in a widespread pattern, policy, and practice of violating the PMWA and its implementing regulations, 43 P.S. § 330.101, et seq.

83. The PMWA requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

84. Garcia and the Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

85. Throughout the Class period, and continuing through the present, Defendants knew or should have known that Garcia and the Class members worked in excess of forty hours in a workweek.

86. Defendants' failure to pay overtime compensation to Plaintiffs constitutes a violation of the PMWA, 43 P.S. § 330.101.

87. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful.

88. Defendants' failure to comply with the PMWA caused Plaintiffs to suffer loss of wages and interest thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Garcia, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Mr. Garcia be allowed to give notice of this collective action to Plaintiffs and that Defendants provide Mr. Garcia with names, addresses,

14

telephone numbers, email addresses, and other contact information, to facilitate such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Defendants William Nunn, or Alaco Services, LLC, or LRD Cleaning Services, LLC and who fall within the Collective Action Class as described in this Complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit; and

        B.      Declaring that Defendants violated the FLSA;

        C.      Declaring that Defendants' violations of the FLSA were willful;

        D.      Awarding unpaid wages, an additional and equal amount as liquidated damages, interest, attorneys' fees, costs (including expert fees), and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

        E.      Granting such further relief as the Court finds just.

**WHEREFORE**, Garcia, on behalf of himself and all members of the Class he seeks to represent, prays for the following relief:

        A.      Certification of this action as a class action pursuant to FRCP 23;

        B.      Designation of Garcia as a Class Representative;

        C.      A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

        D.      Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

        E.      An award of damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

F. Pre-Judgment and Post-Judgment interest, as provided by law;

G. Such other injunctive and equitable relief as the Court may deem just and proper; and

H. Attorneys' fees and costs of suit, including expert fees and costs.

Dated: October 29, 2013

Respectfully submitted,

Alice W. Ballard, Esq.
LAW OFFICE OF ALICE W. BALLARD, P.C.
123 S. Broad Street, Suite 2135
Philadelphia, PA 19109
(215)-893-9708

Dan Getman
GETMAN SWEENEY, PLLC
9 Paradies Lane
New Paltz, NY 12581
(845) 255 – 9370

Shannon Liss-Riordan
Brant Casavant
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994 – 5800

**Attorneys for Plaintiffs**

## CONSENT TO SUE UNDER THE FLSA

I, Margarito Garcia-Marroquin, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure any unpaid wages, minimum wages, overtime pay, liquidated damages, interest, attorneys' fees, costs, and other relief arising out of my employment with William Nunn, Alaco Services, LRD Cleaning, Weis Markets Inc. and any other associated parties.

I authorize Getman & Sweeney, PLLC and any associated attorneys as well as any successors or assigns, to represent me in such action.

Date: 8-013-22-   Signature: _Margarito Garcia_
Margarito Garcia-Marroquin

## CONSENTIMIENTO PARA DEMANDAR CONFORME A LA LEY FLSA
## (CONDICIONES RAZONABLES DE TRABAJO)

Yo, Margarito Garcia-Marroquin, doy mi consentimiento para ser el demandante en una acción judicial conforme a la ley de condiciones razonables de trabajo (Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*) para garantizar el pago de salario mínimo, salario por horas extras, daños y perjuicios establecidos, honorarios del abogado, gastos y cualquier otra reparación que proceda de mi empleo con William Nunn, Alaco Services, LRD Cleaning, Weis Markets Inc. y cualquier otra parte asociada.

Yo autorizo a Getman & Sweeney, PLLC, abogados asociados, y sus sucesores y representantes que me representen en tal acción.

Fecha: 8-22-213   Firma: _Margarito_
Margarito Garcia-Marroquin