## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **M. GARCIA, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | **NO. 13-6316** |
| | : | |
| **WILLIAM NUNN, et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                              **September 23, 2015**

This is a putative class and collective action brought by two janitors on their own behalf and on behalf of other similarly situated workers alleging violations of the Fair Labor Standards Act,[1] 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 330.101, *et seq.*, and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* The amended complaint alleges that the plaintiffs were directly employed by Defendants William Nunn, Alaco Services, LLC, and LRD Cleaning Services, LLC, and were "jointly employed" by Defendant Weis Markets, Inc., as a

---

[1] The Fair Labor Standards Act provides that:

> [n]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  Some employees are classified as exempt under the Act, 29 U.S.C. § 213(a), and are consequently exceptions to this rule.  Here, the parties do not argue that the plaintiffs are exempt.

matter of law.  The plaintiffs claim that, despite working well over forty hours per week, they were denied the overtime premium pay required by the above statutes.  Defendants Weis Markets and Alaco Services have filed a motion to dismiss arguing that they should be dismissed from this action because they cannot be considered joint employers of the plaintiffs.  The plaintiffs oppose this motion, arguing that they have recited sufficient facts to support a colorable claim of joint employment under the expansive definition of joint employment contained within the three statutes.  For the following reasons, I will grant the motion in part, and deny it in part.

## I.  BACKGROUND[2]

The amended complaint alleges that the plaintiffs "were hired to provide cleaning and janitorial services at various grocery stores in Pennsylvania, New Jersey, and other states."  See Am.Compl. ¶ 2.  Plaintiff M. Garcia, who resides in Charlotte, North Carolina, worked as a cleaner in and around Lancaster, Pennsylvania from approximately June 2008 until approximately March 2013.  Id. at ¶¶ 13, 15.  He "was scheduled to work seven days a week from approximately 10 p.m. to 7 a.m. the following morning," and "regularly worked more than forty hours per week . . . without overtime compensation." Id. at ¶ 16.

Plaintiff O. Garcia, who currently resides in Mt. Pocono, Pennsylvania, worked as a cleaner from approximately March 2009 until approximately October 2013, in

---

[2] The facts are gleaned from the amended complaint and the extrinsic documents upon which it is based.  See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004).  For the purposes of this motion, they are presented in the light most favorable to the plaintiffs, as the non-moving parties, and are accepted as true with all reasonable inferences drawn in their favor.

Maryland, Delaware, Pennsylvania, New York, and New Jersey.  See Am.Comp. ¶¶ 18, 20.  From "approximately June 2012 until October 2013," Plaintiff O. Garcia "clean[ed] stores in Manalapan, New Jersey."  Id. at ¶ 21.  Plaintiff O. Garcia "was scheduled to work seven days a week from approximately 10 p.m. to 6 a.m. the following morning," and "regularly worked more than forty hours per week . . . without overtime compensation."  Id. at ¶ 22.

The amended complaint further alleges that Defendant William Nunn is the President and Owner of Defendants Alaco Services and LRD Cleaning.  See Am.Comp. ¶ 27.  It claims that these three defendants "trained," "closely monitored," "directed," and "supervised" the plaintiffs.  Id. at ¶¶ 38-41.  Defendants Nunn, Alaco Services and LRD allegedly "required Plaintiffs to sign in and sign out of every grocery store they cleaned each night" and "provided Plaintiffs with the work space and work tools, including buffers, and other cleaning materials necessary to perform their work."  Id. at ¶¶ 40, 42.  The plaintiffs contend that that Defendants Nunn, Alaco Services, and LRD "paid Plaintiffs the same sum every two weeks that they worked at least their scheduled hours."  Id. at ¶ 47.

The plaintiffs also allege in their amended complaint that while working at Defendant Weis, Weis supervised and directed their work.  In fact, Weis allegedly provided cleaning equipment to be used by the plaintiffs, kept track of the hours they worked, required them to sign in and sign out of each shift, and exercised control over the terms of the plaintiffs' employment, including their work schedule and the manner in which they performed their work.  See Am.Compl. ¶¶ 30, 44-47.  Defendant Weis also

allegedly "provided the space and equipment" for cleaning work to be performed.  Id. at ¶ 44.

The plaintiffs seek to assert their FLSA claim as a collective action on behalf of all current and former employees who have worked for Defendant William Nunn, Alaco Services, and LRD Cleaning Services, as "cleaners at any location in the United States within the past three years of the filing of a consent to sue by such employee and the date of final judgment in this matter."  See Am.Compl. ¶ 24.

Plaintiff M. Garcia also seeks to assert a Pennsylvania Minimum Wage Act claim on a class-wide basis under Rule 23 on behalf of all current and former employees who have worked for Defendant William Nunn, Alaco Services, or LRD Cleaning Services, cleaning stores in Pennsylvania within the past three years of the filing of this complaint and continuing through until the date of judgment.  See Am.Compl. ¶ 25.

Similarly, Plaintiff O. Garcia seeks to assert a New Jersey State Wage and Hour Law claim on a class-wide basis under Rule 23 on behalf of all current and former employees who have worked for Defendant William Nunn, Alaco Services, or LRD Cleaning Services, cleaning stores in New Jersey within the past three years of the filing of this complaint and continuing through until the date of judgment.  See Am.Compl. ¶ 26.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following the Supreme

Court decisions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) and

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have

shifted from simple notice pleading to a more heightened form of pleading, requiring a

plaintiff to plead more than the possibility of relief to survive a motion to dismiss under

Fed. R. Civ. P.12(b)(6).  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-211 (3d Cir.

2009); <u>see also</u> <u>Phillips v. County of Allegheny</u>, 515 F. 3d 224, 230 (3d Cir. 2008).

   Therefore, when presented with a motion to dismiss for failure to state a claim,

district courts should conduct a two-part analysis.  First, the factual and legal elements of

a claim should be separated.  The court must accept all of the complaint's well-pleaded

facts as true but may disregard legal conclusions.  <u>Iqbal</u>, 556 U.S. at 679.  Second, a

district court must determine whether the facts alleged in the complaint are sufficient to

show that the plaintiff has a "plausible claim for relief."  <u>Id.</u>  In other words, a complaint

must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show"

such an entitlement with its facts.  <u>Id.</u>; <u>see also</u> <u>Phillips</u>, 515 F.3d at 234-235.  "Where the

well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is

entitled to relief.'"  <u>Iqbal</u>, 556 U.S. at 679.

   Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief."  As the

Court held in <u>Twombly</u>, the pleading standard Rule 8 announces does not require

"detailed factual allegations," but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation.  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S.

at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557.

## II. DISCUSSION

### A. Joint Employers

The amended complaint alleges that the plaintiffs were jointly employed by Defendant Weis and directly employed by Defendant Alaco and the remaining defendants.  Defendants Weis and Alaco move to be dismissed from this action arguing that they cannot be considered joint employers with the remaining defendants under the facts alleged in the amended complaint.  I only partially agree.

The Fair Labor Standards Act defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[3]  29 U.S.C. § 203(d).  The applicable federal regulations also provide as a definition of an employer-employee relationship under the Act "[w]here the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that

---

[3]  Like the Fair Labor Standards Act, the state statutes have a similarly expansive definition of the word "employer."  The Pennsylvania Minimum Wage Act states that an "employer" "includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee."  43 P.S. § 333.103(g).  Likewise, the N.J. State Wage and Hour Law defines an "employer" as "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee."  N.J.S.A. 34:11-56a1(g).  Accordingly, the analysis for whether an individual constitutes an "employer" is the same under the state statutes as under the Fair Labor Standards Act.

one employer controls, is controlled by, or is under common control with the other employer."  29 C.F.R. § 791.2(b).  A "single individual may stand in the relation of an employee to two or more employers at the same time under the [Act]."  29 C.F.R. § 791.2(a).  "A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the Act depends upon all the facts in the particular case."  Id.

Under the Act, multiple persons or entities can be responsible for a single employee's wages as "joint employers" in certain situations.  Thompson v. Real Estate Mortgage Network, 748 F.3d 142, 148 (3d Cir. 2014) (citing 29 C.F.R. § 791.2).  One such scenario occurs where both employers "exert significant control" over the employee, see id. (citing NLRB v. Browning-Ferris Indus. of Pa., Inc., 691 F.2d 1117, 1124 (3d Cir. 1982)), "by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer," see id. (citing 29 C.F.R. § 791.2(b)(3)).  Under these circumstances, each joint employer may be held jointly and severally liable for the violations of the other, in addition to direct liability for its own violations.  Id.

In Enterprise, the Third Circuit Court of Appeals determined that the starting point for the joint employer test should be Browning-Ferris, 691 F.2d at 1123.  In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig., 683 F.3d 462, 468 (3d Cir. 2012).  The court concluded that "where two or more employers exert significant control over the same employees—[whether] from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment— they constitute 'joint employers'" under the Act.  Id. (quoting Browning-Ferris, 691 F.2d

7

at 1124).  This is consistent with the Act's regulations regarding joint employment, which state that a joint employment relationship will generally be considered to exist "[w]here the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with another employer."  Id. (quoting 29 C.F.R. § 791.2(b)).  Ultimate control is not necessarily required to find an employer-employee relationship under the Act, and even "indirect" control may be sufficient.  In other words, the alleged employer must exercise "significant control."  Id. (quoting Browning-Ferris, 691 F.2d at 1124).

Accordingly, the Third Circuit concluded that when district courts must determine whether a joint employment relationship exists under the Act, they should consider: (1) the alleged employer's authority to hire and fire the relevant employees; (2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment, including compensation, benefits, and work schedules; (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and (4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes.  Enterprise, 683 F.3d at 469.  These factors do not constitute an exhaustive list of all potentially relevant facts, and should not be "blindly applied" as the sole considerations necessary to determine joint employment.  Id. at 469 (quoting Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir.1983)).  A determination of joint employment "must be based on a consideration of the total

employment situation and the economic realities of the work relationship." Id. (quoting

Bonnette, 704 F.2d at 1470).

      1. Defendant Weis

Even when accepting the relevant allegations in the amended complaint as true, I

am constrained to find that Defendant Weis cannot be considered a joint employer of the

plaintiffs.  The plaintiffs have attempted to support their argument of joint employment

by alleging that Defendant Weis: (1) employed the plaintiffs "and other employees of

[Defendants] Nunn, Alaco, and LRD to provide cleaning and janitorial services at its

stores in various locations;" and (2) "exercised control over the terms of the cleaners'

employment, including their work schedule and the manner in which they performed

their work, and maintained records relating to their employment."  See Am.Compl. ¶ 30.

The amended complaint further alleges that Defendant Weis: (1) "provided the space and

equipment for Plaintiff M. Garcia and others similarly situated to perform their work,"

see id. at ¶ 44; (2) "required Plaintiff M. Garcia and others similarly situated to sign in

and out of the stores they cleaned," see id. at ¶ 45; and (3) "directed and supervised the

work that Plaintiff M. Garcia and others similarly situated performed at the stores," see

id. at ¶ 46.

First, these allegations are insufficient to show that Defendant Weis was either an

employer or a joint employer of the plaintiffs especially when coupled with several other

important allegations which do not include Defendant Weis.  For example, there is no

mention in the amended complaint that Defendant Weis had the authority to hire and fire

the plaintiff employees, that it trained the employees, that it paid the employees directly,

or that it set the employees' conditions of employment in terms of compensation, benefits, and work schedules, including the rate and method of payment. Enterprise, 683 F.3d at 469. Instead, the amended complaint alleges that only Defendants Nunn, Alaco, and LRD: (1) "required Plaintiffs and others similarly situated to work a schedule of more than forty hours a week at Weis Markets and/or other stores," see Am.Compl. ¶ 35; (2) "trained Plaintiffs and others similarly situated in how to perform their work," id. at ¶ 38; (3) "closely monitored Plaintiffs' work and the work of others similarly situated," id. at ¶ 39; (4) "required Plaintiffs to sign in and out of every grocery store they cleaned each night," id. at ¶ 40; (5) "supervised, reviewed, and approved Plaintiffs' cleaning work," id.; (6) "provided Plaintiffs with the work space and work tools, including buffers, and other cleaning materials necessary to perform their work," id. at ¶ 42; and (7) "paid Plaintiffs the same sum every two weeks that they worked at least their scheduled hours," id. at ¶ 47. Defendant Weis was not included as having performed any of these typical employer tasks. Instead, it appears that Defendant Weis performed as any consumer would who was paying for a service. It contracted for its stores to be cleaned on a nightly basis, and it made certain that the service for which it paid was performed properly. Any records allegedly maintained were only for attendance and not for insurance, taxes, or other employer-provided benefits. To claim that Defendant Weis's providing space for the employees to work supports a finding of joint employment is unpersuasive given that the service the employees provided was cleaning Defendant Weis's own space.

Second, it appears that Defendant Weis was inexplicably singled out among other grocery store companies where it is alleged that the same overtime violations occurred.

10

In several key paragraphs of the amended complaint, it is alleged that Defendant Weis was not the only grocery store where the plaintiffs worked but did not receive overtime compensation. For example, in the section of the amended complaint providing collective action allegations, the class of all similarly situated persons is defined as:

> "All persons who were hired by Defendants William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC to provide cleaning and janitorial services at Weis Markets **and/or other stores**, . . ."

See Am.Compl. ¶ 32 (emphasis added). In the section dealing with Pennsylvania class action allegations, the class is defined as individuals:

> "who were hired by Defendants William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC to provide cleaning and janitorial services at Weis Markets **and/or other stores in Pennsylvania**, . . ."

See Am.Compl. ¶ 54 (emphasis added). Further, in the section devoted to New Jersey class action allegations, the class is defined as individuals:

> "who were hired by Defendants William Nunn, Alaco Services, LLC, LRD Cleaning Services, LLC to provide cleaning and janitorial services **at stores in New Jersey**, . . ."

See Am.Compl. ¶ 64 (emphasis added). Next, in paragraph #2 of the amended complaint, it is alleged that the plaintiffs were hired to provide cleaning and janitorial services at **various grocery stores**. Id. at ¶ 2 (emphasis added). Finally, it is alleged that the plaintiffs were hired, supervised, scheduled, and paid to provide cleaning and janitorial services **to grocery stores**. Id. at ¶ 3 (emphasis added). Why Defendant Weis

11

was singled out to be included as a defendant here when it is apparent that it was not the only grocery store company involved remains unknown.

It is also interesting to note that the amended complaint never indicates that Plaintiff O. Garcia worked specifically at a Weis Market.  Wherever he is mentioned in an allegation, Defendant Weis is absent.  For example, while the amended complaint specifically alleges that Plaintiff M. Garcia was employed by Defendants Nunn, LRD, Alaco, **_and Weis_**, the same is not the case for Plaintiff O. Garcia.  See Am.Compl. ¶ 15 (emphasis added).  Instead, it is alleged that Plaintiff O. Garcia was employed by Defendants Nunn, LRD, and Alaco.  Id. at ¶ 20.  It is further alleged that "during the period from approximately June 2012 until October 2013, Plaintiff O. Garcia was employed to clean **_stores_** in Manalapan, New Jersey."  Id. at ¶ 21 (emphasis added).  Nowhere in the amended complaint is there a connection between Plaintiff O. Garcia and Defendant Weis.  Yet, in the amended complaint, there is no differentiation between defendants in the specific counts, leaving Defendant Weis unfairly liable for alleged violations in Count Three involving O. Garcia.

Balancing the Enterprise factors and carefully considering the allegations in the amended complaint, I find that Defendant Weis was neither an employer nor a joint employer of these plaintiffs within the meaning of the relevant statutes.  While Defendant Weis is alleged to have had some control over the plaintiff janitors by providing a space to work and supervising their cleaning, there is nothing in the amended complaint which alleges that Weis had authority to hire and fire the plaintiff janitors; that it had the authority to set the conditions of employment, including compensation, benefits, and

work schedules; that it had the authority to discipline the plaintiff janitors; or that it kept employee records for payroll, insurance, or taxes.  Defendant Weis did not exercise the significant control over the plaintiffs as required by our circuit's jurisprudence to be considered their employer or joint employer.  Accordingly, I will grant the motion to dismiss Defendant Weis as a defendant in this action.

> ### 2.  Defendant Alaco Services

Unlike with Defendant Weis, the amended complaint specifically alleges that the plaintiffs were directly employed by, *inter alia*, Alaco Services.  The amended complaint further alleges that, in addition to Defendants Nunn and LRD, Defendant Alaco: (1) "required Plaintiffs and others similarly situated to work a schedule of more than forty hours a week at Weis Markets and/or other stores," see Am.Compl. ¶ 35; (2) "trained Plaintiffs and others similarly situated on how to perform their work," id. at ¶ 38; (3) "closely monitored Plaintiffs' work and the work of others similarly situated," id. at ¶ 39; (4) "required Plaintiffs to sign in and out of every grocery store they cleaned each night," id. at ¶ 40; (5) "supervised, reviewed, and approved Plaintiffs' cleaning work," id.; (6) "provided Plaintiffs with the work space and work tools, including buffers, and other cleaning materials necessary to perform their work," id. at ¶ 42; and (7) "paid Plaintiffs the same sum every two weeks that they worked at least their scheduled hours," id. at ¶ 47.  For our purposes here, these allegations are sufficient to show that Defendant Alaco exerted significant control over the plaintiffs during the relevant period.  In fact, it is apparent from the allegations in the amended complaint that Defendants Nunn, Alaco, and LRD are not completely disassociated with respect to the employment of the plaintiff

janitors, and may be deemed to share control of the janitors, directly or indirectly, as contemplated by the regulations.  See 29 C.F.R. § 791.2.  Accordingly, I will deny the motion to dismiss as to Defendant Alaco.

### B.  Claim for Unpaid Overtime

The moving defendants next argue that the plaintiffs have failed to allege sufficient facts to support a claim for unpaid overtime where they have not supplied an estimate of their hours.  I disagree.

In their amended complaint, the plaintiffs have alleged that Plaintiff M. Garcia worked cleaning Weis Markets in and around Lancaster, Pennsylvania from approximately June 2008 to March 2013.  See Am.Compl. ¶ 15.  They further specifically allege that during this period M. Garcia was scheduled to work seven days a week from approximately 10 p.m. to 7 a.m., for a total of around sixty-three hours of work a week.  Id. at ¶ 16.  The amended complaint further alleges that Plaintiff O. Garcia worked for the defendants from March 2009 until approximately October 2013 in Maryland, Delaware, Pennsylvania, New York, and New Jersey, and that from June 2012 to October 2013, he worked cleaning stores in Manalapan, New Jersey.  Id. at ¶¶ 20-22.  During this period, O. Garcia was allegedly scheduled to work seven days a week from 10:00 p.m. to 6 a.m., for a total of around fifty-six hours of work a week.  Id. at ¶ 22.  Neither plaintiff was given overtime compensation.

Based on similar facts, district courts have held that plaintiffs have sufficiently pled claims for unpaid overtime.  See Zavala v. Wal-Mart Stores, Inc., 393 F. Supp. 2d 295, 331-332; see also Hively v. Allis-Chalmers Energy, Inc., 2013 U.S. Dist. LEXIS

80800 (W.D. Pa. June 10, 2013) (finding plaintiffs had sufficiently pled overtime claim where they alleged that they routinely worked more than forty hours per week without being paid extra for the overtime); Harris v. Scriptfleet, Inc., 2011 U.S. Dist. LEXIS 139870 (D.N.J. Dec. 6, 2011) (it cannot fall on plaintiffs to determine amount of overtime worked where FLSA requires employers to maintain records of hours worked); Acho v. Cort, 2009 U.S. Dist. LEXIS 100064, *8-9 (N.D.Cal. Oct. 27, 2009) (overtime claim is sufficiently pled where it alleges time period and location of work allowing employer to look at records to determine amount of overtime worked).

The plaintiffs have specifically pleaded sufficient allegations to make out claims for unpaid overtime compensation.  As the district court in Acho held, the notice requirement of Rule 8 of the Federal Rules of Civil Procedure has been met where the plaintiffs have pled facts indicating an employment period, thereby enabling the defendants to review its employment records to determine "the specific number of overtime hours worked by plaintiff." Acho, 2009 U.S. Dist. LEXIS 100064 at *8-9. Accordingly, I will deny the motion to dismiss as to the claims of unpaid overtime compensation.

An appropriate Order follows.