FILED

DEC 2 6 2017

KATE BARKMAN, Clerk
By _____ Dep. Clerk

# Exhibit "A"

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

M. GARCIA and O. GARCIA,

Plaintiffs,

v.

WILLIAM NUNN, ALACO SERVICES, LLC
and LRD CLEANING SERVICES, LLC,

Defendants.

Case No. 5:13-cv-06316-LS

## SETTLEMENT AGREEMENT

WHEREAS, **MARGARITO GARCIA, OSCAR GARCIA AND ROSMERI B. VARRIOS**, Plaintiffs, and **WEIS MARKETS, INC. GREENLINE, LLC D/B/A ALACO SERVICES, INCORRECTLY IDENTIFIED IN THE COMPLAINT AS ALACO SERVICES, LLC, LRD CLEANING SERVICES, LLC, AND WILLIAM NUNN**, Defendants, desire to resolve, settle and agree to dismiss with prejudice all claims and all issues raised in or by (or which could have been raised in) the Complaint or the First Amended Complaint in the above-captioned action (the "Lawsuit"), and in any other proceeding(s) commenced by Plaintiffs, without further litigation or adjudication and Plaintiffs knowingly and voluntarily desire to release with prejudice and forever discharge Defendants of and from any and all claims of any kind or nature, whether known or unknown;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Settlement Agreement (hereafter "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices,

benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever. For the avoidance of doubt, Defendants Greenline LLC d/b/a Alaco Services, incorrectly identified in the Complaint as Alaco Services, LLC, and Weis Markets, Inc. specifically deny that they ever were employers of Plaintiffs under any relevant wage and hour law;

WHEREAS, the Lawsuit and all other proceedings between Plaintiffs and Defendants shall be dismissed with prejudice and forever settled and released pursuant to the Stipulation and Order of Final Dismissal with Prejudice, which shall be executed by counsel for Plaintiffs and Defendants and any other claims otherwise deemed settled and waived;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES that:

1.    Definition of Parties.

a.    "Plaintiffs" is defined to include, but is not limited to, Margarito Garcia, Oscar Garcia, Rosmeri B. Varrios, including, but not limited to, their present or former spouse(s), dependents, heirs, assigns, successors, creditors, debtors, counsel.

b.    "Greenline" is defined to include, but is not limited to, Greenline, LLC d/b/a Alaco Services, incorrectly identified in the Complaint as Alaco Services, LLC, and all presently or formerly related or affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, investors, divisions, affiliated entities, employee benefit plans, purchasers of assets or stocks, board members, insurers, reinsurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, employees and representatives of any such entity.

2

          c.      "Weis Markets" is defined to include, but is not limited to, Weis Markets, Inc., and all presently or formerly related or affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, investors, divisions, affiliated entities, employee benefit plans, purchasers of assets or stocks, board members, insurers, reinsurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, employees and representatives of any such entity.

          d.      "LRD" is defined to include, but is not limited to, LRD Cleaning Services, LLC and all presently or formerly related or affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, investors, divisions, affiliated entities, employee benefit plans, purchasers of assets or stocks, board members, insurers, reinsurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, employees and representatives of any such entity.

          e.      "Nunn" is defined to include, but is not limited to William Nunn and present or former spouse(s), dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities.

          f.      "Defendants" is defined to include, Greenline, Weis Markets, LRD and Nunn.

2.     Plaintiffs' Commitments.    In exchange for the promises made by Greenline in Paragraph 4 below, Plaintiffs agree as follows:

          a.      In accordance with Paragraph 2(b) below, Plaintiffs will execute or have their counsel execute all documents, including, but not limited to the Stipulation and Order

3

of Final Dismissal with Prejudice, attached hereto as Exhibit A dismissing this Lawsuit with prejudice and any other document(s) needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown complaints, claims, suits, actions, charges, claims or proceedings that Plaintiffs have or may have against Defendants relative to any matter of any kind. Based upon such documents, an order of final dismissal with prejudice shall be entered upon presentation thereof to any court of competent jurisdiction or by any agency or other forum where any claim is made.

      b.    Payment shall he due, no later than 12/31/17, after the following conditions are met: (a) Plaintiffs execute this settlement agreement and provide a copy to counsel for Greenline and Weis, Andrea M. Kirshenbaum; (b) The court approves the terms of this settlement agreement as fair and reasonable and dismisses the action with prejudice; and (c) Plaintiffs and Plaintiffs' Counsel have executed and delivered to counsel for Greenline and Weis Markets valid IRS Form W-9s to the extent possible.

      c.    In the event that, for any reason, any complaint, grievance, suit, action, charge, claim or proceeding by or on behalf of Plaintiffs against Defendants in existence as of the date of this agreement is not wholly and finally dismissed with prejudice, (i) Plaintiffs agree to take all actions needed to obtain dismissal thereof; (ii) Plaintiffs shall not testify, provide documents, or otherwise participate or cause others to participate on Plaintiffs' behalf in any litigation or investigation arising therefrom, except as compelled by subpoena or law or provided herein; (iii) Plaintiffs covenant not to sue Defendants for or upon any claim released by this agreement, shall hold Defendants harmless, and will not obtain or accept any recovery or relief in or from Defendants in any proceeding; and, (iv) if it is determined by a court or other entity that a claim is not barred by this Agreement, Plaintiffs shall execute a supplemental general

4

release, without additional consideration because the Consideration received hereunder shall be deemed sufficient for any additional or supplemental release. Plaintiffs will do so promptly after receiving written notice from Defendants directing them to do so. If any claim cannot be dismissed, all monies paid hereunder shall be set off completely against any relief or recovery.

    d.    Except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiffs shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiffs' behalf any claim whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants, and hereby covenants not to sue Defendants for or upon any claim whatsoever that has accrued as of the date of execution of this Agreement.

    e.    In the event any class or collective action is brought against Defendants that includes or may include any Plaintiff based on any claim released by this Agreement, said Plaintiff immediately shall withdraw without obtaining or accepting any relief or recovery and covenants and agrees that said Plaintiff shall not opt-in to any collective action brought against Defendants.

    f.    Plaintiffs will not accept any award or settlement from any source or proceeding brought by any other person or by any government agency with respect to any claim or right waived in this Agreement (and all monies paid hereunder will be set off against any relief or recovery from Defendants not barred by this Agreement).

    g.    Plaintiffs will not contact the media or utilize social media regarding the Settlement or its terms, and if contacted, they will respond, "no comment" or "[t]he matter has been resolved."

    3.    Mutual General and Unlimited Release of All Claims.

5

a.     Plaintiffs knowingly, voluntarily, and with prejudice, release and forever discharge Defendants of and from any and all claims of any kind or nature, whether known or unknown, which Plaintiffs have or may have, covenant not to file any claim or suit and generally and fully waive all claims against Defendants, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- The Americans with Disabilities Act of 1990, and all amendments thereto;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974;

- The Immigration Reform and Control Act;

- The National Labor Relations Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The False Claims Act;

- The Fair Labor Standards Act;

- The Occupational Safety and Health Act;

- The Workers Adjustment and Retraining Notification Act;

- The Age Discrimination in Employment Act;

- The Pennsylvania Minimum Wage Act;

- The Pennsylvania Wage Payment and Collection Act;

- The Pennsylvania Human Relations Act;

- The New Jersey Wage and Hour Law;

- The New Jersey Wage Payment Law;

6

- The New Jersey Law Against Discrimination;

- any local or county law, rule or requirement of any kind;

- any other federal, state or local, human rights, wage, wage-hour, wage payment, whistleblower, *qui tam*, retaliation, discrimination, bias, civil rights, benefits, pension, labor or any other federal, state or local law, rule, regulation, or ordinance of any kind;

- any benefit plan, compensation plan, severance plan or any other plan, practice or program of any kind;

- any collective bargaining or other agreement;

- any public policy, any contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;

- any amendment to the foregoing; and,

- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

b.     Defendants conversely release Plaintiffs from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had, could have had, or now have arising out of Plaintiffs' employment as a cleaner, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of the Agreement.

c.     Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to a released claim. They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

d.     Collective/Class Action Waiver. If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants are

7

defendants.

    e. Set-Off. Plaintiffs agree that all monies paid hereunder (i.e., $80,630.00) shall be set off against and shall satisfy any relief or recovery in any action not barred by this Agreement.

    4. Consideration.

    a. In exchange for the promises made herein by Plaintiffs, including the general and unlimited release of all claims that Plaintiffs have or may have against Defendants, and subject to other terms of this Agreement, Greenline agrees to pay Plaintiffs the total sum of eighty thousand six-hundred and thirty dollars and zero cents ($80,630.00) ("Consideration" or the "Payment"). The payment shall be tendered as follows: No later than 12/31/17 and after the conditions set forth in Section 2.b. above are met, Greenline will provide the following: a check payable to "Margarito Garcia" for the sum of *thirty one thousand nine hundred forty four dollars* ($31,944) for which a form 1099 will be issued; a check payable to "Oscar Garcia" for the sum of *forty-three thousand one hundred eleven dollars* ($43,111) for which a form 1099 will be issued; and a check payable to "Rosmeri B. Varrios" for the sum of *five hundred seventy-five dollars* ($575); and a check payable to Getman Sweeney Dunn in the sum of *five thousand dollars* ($5,000),.

    b. The Consideration, once paid, is provided in complete settlement, release and waiver of all claims, including these for alleged lost wages, benefits, compensation, mental, physical or other personal injuries, pain and suffering, attorneys' fees, costs and any other relief of any and every kind, known or unknown, asserted or unasserted, that Plaintiffs may have against Defendants.

8

c.      Plaintiffs must ensure that all taxes are paid upon the Consideration to be paid in Paragraph 4 above. In the event that any federal, state and local taxing authority or court determines that taxes, interest, penalties or other monies are due as a result of the Payments pursuant to Paragraph 4 above, said taxes, interest, penalties or other monies shall be the sole obligation and liability of Plaintiffs, who agree to hold harmless and to indemnify Defendants from any tax-related or other liability.

5.      No Other Entitlement.

a.      Except for this Lawsuit, Plaintiffs have neither filed nor caused to be filed any claim of any kind, and are not parties to any claim, against Defendants in any forum and shall not make any such claim or filing based upon facts, claims or occurrences that existed as of or prior to the signing of this Agreement.

b.      Plaintiffs affirm that all of Defendants' decisions regarding Plaintiffs' pay and benefits through the date of Plaintiffs' execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

6.      Execution.

a.      The terms of this Agreement are the product of mutual negotiation and compromise. The meaning, effect and terms of this Agreement have been explained to Plaintiffs by their counsel, Getman Sweeney Dunn. As a jointly drafted agreement, no provision herein shall be interpreted or construed for or against any party because both parties participated in the drafting of these provisions.

b.      Plaintiffs fully understand that this Agreement finally and forever releases, settles, bars and waives any and all claims that Plaintiffs could possibly have asserted

9

against Defendants, and is fully satisfied with the advice and counsel provided by their attorneys in this matter.

     c.    Plaintiffs have been advised by counsel that at least twenty-one (21) days will be provided to them for consideration of the meaning and effect of this Agreement and to consult with counsel prior to execution of this Agreement.

     d.    Plaintiffs have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

     7.    Non-Admission of Wrongdoing.  The parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind.

     8.    Non-Disparagement.  Plaintiffs and Defendants agree not to engage in any conduct that is injurious to the reputation and interests of the other parties, including, but not limited to, publicly criticizing, denigrating or disparaging (or inducing or encouraging others to publicly criticize, denigrate or disparage) the other party or the other's party's reputation, nor will either party make any statement that damages the other party's business relationships. This provision shall not preclude Plaintiffs and/or Defendants from making truthful statements to others regarding the facts underlying the parties' respective claims, defenses, and experience in litigating this action.

     9.    Governing Law. The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the Commonwealth of Pennsylvania, without regard to principles of conflict of laws. Venue and

10

jurisdiction for any dispute between the Parties shall lie in the United States District Court for the Eastern District of Pennsylvania and the Court shall retain jurisdiction for 90 days to enforce this agreement. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in Adams County, Pennsylvania.

10.    Severability and Modification.

a.        If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, arbitration or other entity, Plaintiffs and Defendants agree that such arbitrator, court, administrative agency or other entity has the full authority to and shall interpret and modify all such provision(s) to be enforceable. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect, which then shall be interpreted to bar any and all claims Plaintiffs may have against Defendants.

b.        If the general and unlimited release of all claims contained herein is limited or held to be null and void or if any claim of or by Plaintiffs is not dismissed for any reason, (i) this Agreement shall be interpreted or modified to bar any claim that Plaintiffs may assert against Defendants; or, if not, then (ii) Plaintiffs shall execute an enforceable general and unlimited release of all claims, without receiving additional consideration.    However, if Paragraph 9(a) and either 9(b)(i) or 9(b)(ii) cannot be done, as a matter of law, then Plaintiffs shall return, upon demand by Defendants, the Payment made hereunder, or, if return of the Payment is not permitted by law and any claim is found not to be settled, waived or barred for any reason, such gross amount shall be set off completely against any relief, settlement or recovery.

11

11.     Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12.     Entire Agreement.

a.     This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses) represents the complete understanding by and between Plaintiffs and Defendants regarding the above-captioned action, and shall be interpreted under Pennsylvania law to effect a full settlement and general and unlimited release of all actual or potential claims, whether known or unknown, asserted or unasserted.

b.     No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only as provided in Paragraph 9, above, or by a written document, signed by Plaintiffs and Defendants, which recites the specific intent to modify this Agreement.

13.     Capability to Waive Claims. The parties are competent to agree to a knowing and voluntary general and unlimited release of all claims, as contained herein, are not affected or impaired by illness, use of alcohol, drugs or other substances and are not otherwise impaired. The parties are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims against Defendants or to waive all claims. If any lien exists or is asserted relating to any debt of any party, they immediately shall utilize the payment made hereunder to satisfy that lien.

14.     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same

12

agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

15.    Revocation.    Plaintiffs may revoke this Agreement during the period of seven (7) calendar days following the date that he executes it. Revocation within this period must be submitted, in writing, to counsel for Greenline, Andrea Kirshenbaum, Esq., at Post & Schell, P.C., Four Penn Center, 1600 John F. Kennedy Blvd., Philadelphia, PA 19103, or mailed to Post & Schell, P.C. at that same address, and postmarked within seven (7) calendar days of execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the Commonwealth of Pennsylvania, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH 4 HEREOF, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER CONSULTATION WITH COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND GENERALLY RELEASE ALL CLAIMS AGAINST DEFENDANTS.** The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**PLAINTIFF MARGARITO GARCIA:**

Dated: _____, 2017

**MARGARITO GARCIA**

_____
**WITNESS**

**PLAINTIFF OSCAR GARCIA:**

Dated: _____, 2017

**OSCAR GARCIA**

13

_____
**WITNESS**

**PLAINTIFF ROSMERI B. VARRIOS:**

Dated: _____, 2017

                    _____
                    **ROSMERI B. VARRIOS**

_____
**WITNESS**

**DEFENDANT:**

                    **GREENLINE, LLC D/B/A ALACO SERVICES**

Dated: _____, 2017

                    By: _____

                    Title: _____

**DEFENDANT:**

                    **WEIS MARKETS, INC.**

Dated: _____, 2017

                    By: _____

                    Title: _____

**DEFENDANT WILLIAM NUNN**

Dated: _____, 2017

                    _____
                    **WILLIAM NUNN**

14

# EXHIBIT A

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

M. GARCIA and O. GARCIA,

           Plaintiffs,

v.

**Case No. 5:13-cv-06316-LS**

WILLIAM NUNN, 'ALACO SERVICES, LLC
and LRD CLEANING SERVICES, LLC,

           Defendants.

### STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, **MARGARITO GARCIA, OSCAR GARCIA and ROSMERI B. VARRIOS,** and Defendants, **WEIS MARKETS, INC. GREENLINE, LLC D/B/A ALACO SERVICES, INCORRECTLY IDENTIFIED IN THE COMPLAINT AS ALACO SERVICES, LLC, LRD CLEANING SERVICES, LLC, AND WILLIAM NUNN,** through their respective undersigned counsel, that the above-captioned action be dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party. The Court shall retain jurisdiction for ninety days to enforce any agreements of the parties.

GETMAN SWEENEY DUNN
*ATTORNEYS FOR PLAINTIFFS*
260 Fair St.
Kingston, NY 12401

By: _____
    Daniel C. Getman, Esq.

Dated: _____

POST & SCHELL, P.C.
*ATTORNEYS FOR GREENLINE, LLC*
Four Penn Center
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 587-1000

By: /s Andrea M.Kirshenbaum
    Andrea M. Kirshenbaum, Esq.

Dated: December 21, 2017

LAW OFFICES OF NICHOLAS M. FAUSTC
*ATTORNEY FOR WILLIAM NUNN*
10000 Lincoln Drive East
Suite 201
Marlton, NJ 08053

By:
Nicholas M. Fausto, Esq.

Dated: 12 - 21 - 17

APPROVED AND SO ORDERED on this
26th day of December 2017.

HENRY S. PERKIN U.S.M.J.

agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

15.    Revocation.    Plaintiffs may revoke this Agreement during the period of seven (7) calendar days following the date that he executes it. Revocation within this period must be submitted, in writing, to counsel for Greenline, Andrea Kirshenbaum, Esq., at Post & Schell, P.C., Four Penn Center, 1600 John F. Kennedy Blvd., Philadelphia, PA 19103, or mailed to Post & Schell, P.C. at that same address, and postmarked within seven (7) calendar days of execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the Commonwealth of Pennsylvania, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH 4 HEREOF, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER CONSULTATION WITH COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND GENERALLY RELEASE ALL CLAIMS AGAINST DEFENDANTS.** The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**PLAINTIFF MARGARITO GARCIA:**

Dated: 12-22, 2017

_____
**MARGARITO GARCIA**

Nayola  Soto
**WITNESS**

**PLAINTIFF OSCAR GARCIA:**

Dated: _____, 2017

_____
**OSCAR GARCIA**

13

agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

      15.   Revocation.   Plaintiffs may revoke this Agreement during the period of seven (7) calendar days following the date that he executes it. Revocation within this period must be submitted, in writing, to counsel for Greenline, Andrea Kirshenbaum, Esq., at Post & Schell, P.C., Four Penn Center, 1600 John F. Kennedy Blvd., Philadelphia, PA 19103, or mailed to Post & Schell, P.C. at that same address, and postmarked within seven (7) calendar days of execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the Commonwealth of Pennsylvania, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

      HAVING ELECTED TO EXECUTE THIS AGREEMENT, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH 4 HEREOF, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER CONSULTATION WITH COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND GENERALLY RELEASE ALL CLAIMS AGAINST DEFENDANTS. The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**PLAINTIFF MARGARITO GARCIA:**

Dated:

_____
MARGARITO GARCIA

_____
WITNESS

**PLAINTIFF OSCAR GARCIA:**

Dated: 12/22/17, 2017 .

_____
OSCAR GARCIA

13

WITNESS

PLAINTIFF ROSMERI B. VARRIOS:

Dated: 12/22/17, 2017

ROSMERI B. VARRIOS

WITNESS

DEFENDANT:                          GREENLINE, LLC D/B/A ALACO
                                    SERVICES

Dated:                  , 2017      By: _____

                                    Title: _____

DEFENDANT:                          WEIS MARKETS, INC.

Dated:                  , 2017      By: _____

                                    Title: _____

DEFENDANT WILLIAM NUNN

Dated:                  , 2017      _____
                                    WILLIAM NUNN

14

---
**WITNESS**

**PLAINTIFF ROSMERI B. VARRIOS:**

Dated: _____, 2017

---
**ROSMERI B. VARRIOS**

---
**WITNESS**

**DEFENDANT:**

**GREENLINE, LLC D/B/A ALACO SERVICES**

Dated: DECCm BER 21, 2017

By: _____

Title: _MANAGER / MEMBER_

**DEFENDANT:**

**WEIS MARKETS, INC.**

Dated: _____, 2017

By: _____

Title: _____

**DEFENDANT WILLIAM NUNN**

Dated: _____, 2017

---
**WILLIAM NUNN**

14

_____
**WITNESS**


**PLAINTIFF ROSMERI B. VARRIOS:**

Dated: _____, 2017                    _____
                                           **ROSMERI B. VARRIOS**


_____
**WITNESS**


**DEFENDANT:**                    **GREENLINE, LLC D/B/A ALACO**
                                 **SERVICES**

Dated: _____, 2017          By: _____

                                 Title: _____


**DEFENDANT:**                    **WEIS MARKETS, INC.**

Dated: December 22, 2017          By: _____

                                 Title: _____
                                       HAROLD G. GRABER
                                       Senior Vice President
                                       Real Estate and Development


**DEFENDANT WILLIAM NUNN**

Dated: _____, 2017          _____
                                 **WILLIAM NUNN**


14

WITNESS

PLAINTIFF ROSMERI B. VARRIOS:

Dated: _____, 2017

ROSMERI B. VARRIOS

WITNESS

DEFENDANT:                              GREENLINE, LLC D/B/A ALACO
                                        SERVICES

Dated: _____, 2017      By:   _____

                                 Title: _____

DEFENDANT:                              WEIS MARKETS, INC.

Dated: _____, 2017      By:   _____

                                 Title: _____

DEFENDANT WILLIAM NUNN

Dated: 12/22, 2017                      _William H. Nun_____
                                        WILLIAM NUNN

14